Diane C. O'HARA and Joseph
O'Hara, h/w, Appellant

v.

The **FIRST LIBERTY INSURANCE CORP.** d/b/a Liberty Mutual Insurance Group, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 23, 2009.
Filed Nov. 9, 2009.
Reargument Denied Dec. 30, 2009.

David B. Rodden, Philadelphia, for appellants.

David A. Santilli, Philadelphia, for appellee.

Michael J. Davey, III, and Leonard A. Sloane, Media, for Pennsylvania Association of Justice, amicus curiae.

Thomas A. McDonnell, and Gregg A. Guthrie, Pittsburgh, for The Pennsylvania Defense Institute and the Insurance Federation of Pennsylvania, Inc., amicus curiae

BEFORE: FREEDBERG, CLELAND and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Diane C. O'Hara and Joseph P. O'Hara, Appellants, appeal from the order entered in the Philadelphia County Court of Common Pleas sustaining the preliminary objection raised by The First Liberty Insurance Corp., d/b/a/ Liberty Mutual Insurance Group, Appellee, on the basis of venue and transferring the case to the Court of Common Pleas of Delaware County. We affirm, finding that the trial court properly enforced the forum selection clause contained in the couple's insurance policy.

¶ 2 Appellants live in Delaware County. On March 29, 2007, Appellant Diane C. O'Hara was involved in a motor vehicle accident with another motorist in Delaware County. At the time of the accident, Appellants' vehicle was insured by Appellee. The policy included underinsured motorist coverage and provided that if Appellants sued Appellee, the suit "must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident." (*See* Appellants' Exhibit B, Underinsured Motorist Coverage Policy Declarations).

¶ 3 After receiving the maximum liability amount available to her from the other driver's insurance company, Appellant submitted an underinsured motorist coverage claim to Appellee, which denied the claim. Thereafter, on August 28, 2008, Appellants filed a civil complaint against Appellee in Philadelphia County alleging breach of contract and loss of consortium. Based on the forum selection clause in the policy, on September 11, 2008, Appellee filed a timely preliminary objection on the basis of improper venue. On October 3, 2008, the trial court sustained the preliminary objection and transferred the case to the Court of Common Pleas of Delaware County. Appellant subsequently filed a timely notice of appeal [1] and a court-ordered concise statement of errors complained of on appeal. The trial court issued its Pa.R.A.P. 1925(a) opinion on December 17, 2008.

¶ 4 On appeal, Appellants raise one issue for our review: whether the trial court committed an error of law in transferring the case to Delaware County on the basis of the forum selection clause contained in the insurance policy. Appellants argue that the forum selection clause should be deemed void and unenforceable as it conflicts with Pennsylvania law and is against public policy. They concede that at the time of the accident, their insurance policy contained the forum selection clause and that their legal domicile was in Delaware County. Nevertheless, they argue that the forum selection clause is "in tension with established law" and thus is "invalid and must yield to the [l]aw." (Appellant's Brief, at 8). We disagree.

¶ 5 Our standard of review of the enforceability of an insurance policy provision is well settled:

As the interpretation of an insurance contract is a question of law, our standard of review is de novo; thus, we need not defer to the findings of the lower tribunals. Our scope of review, to the extent necessary to resolve the legal question before us, is plenary.

*Erie Ins. Exchange v. E.L. ex rel. Lowry,* 941 A.2d 1270, 1273 (Pa.Super.2008) (citation omitted), appeal denied, 598 Pa. 768, 956 A.2d 435 (2008). "[W]hen the language of the [insurance] contract is clear and unambiguous, a court is required to give effect to that language." *Mitsock v. Erie Ins. Exchange,* 909 A.2d 828, 831 (Pa.Super.2006) (citation and internal quotation marks omitted).

¶ 6 Pennsylvania Rule of Civil Procedure 2179 provides the proper venue in which to bring a civil action against an insurance company in Pennsylvania:

(a) ... [A] personal action against a corporation or similar entity may be brought in and only in

\* \* \*

(2) a county where it regularly conducts business[.]

\* \* \*

(b) An action upon a policy of insurance against an insurance company, association or exchange, either incorporated or organized in Pennsylvania or doing business in this Commonwealth, may be brought

(1) in a county designated in Subdivision (a) of this rule[.]

Pa.R.C.P. 2179(a)(2), (b)(1).

¶ 7 The following language was included in Appellants' insurance policy:

1. "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." Pa.R.A.P. 311(c).

**LAWSUITS AGAINST US**

You must comply with the terms of the policy before you may sue us. Suit must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident.

(Appellants' Exhibit B, Underinsured Motorist Coverage Policy Declarations) (emphasis in original).

¶ 8 In *Central Contracting Co. v. C.E. Youngdahl & Co.*, 418 Pa. 122, 209 A.2d 810 (1965), our Supreme Court addressed the enforceability of a forum selection clause in a contract between two construction companies which specified that any lawsuit on the contract must be brought in the state of New York. In response to cases relied upon by the appellee which had held that contractual clauses purporting to strip a court of "jurisdiction" are unenforceable, the Court explained:

> these cases are correct to the extent that they hold that private parties cannot change by contract the rules of jurisdiction or venue embodied in the various laws of this Commonwealth. Jurisdiction over the party or the subject matter or venue of the cause is not a thing to be determined by private bargaining. **However**, we do not agree with these cases to the extent that they hold that an agreement between the parties, purporting to determine the forum where future disputes between them should be litigated, is *per se* invalid and without legal effect. The modern and correct rule is that, while private parties may

not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness.

*Id.* at 815–16 (citations omitted, emphasis added).[2]

¶ 9 More recently, this Court addressed the validity of a forum selection clause in *Patriot Commercial Leasing Co., Inc. v. Kremer Restaurant Enterprises, LLC*, 915 A.2d 647 (Pa.Super.2006), *appeal denied*, 597 Pa. 720, 951 A.2d 1166 (2008). The Court explained:

> [T]he modern trend is to uphold the enforceability of forum selection clauses where those clauses are clear and unam-

---

**2.** Appellants cite *Central, supra,* in support of their assertion that "[t]he Pennsylvania Supreme Court has held that private parties cannot change by contract the rules of ... venue embodied by the laws of Pennsylvania." (Appellant's Brief, at 9). While some isolated sentences in the case may seem to support Appellants' argument, they fail to analyze those sentences in the context of the

case as a whole, most glaringly the Court's clear directive that "a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." *Id.* at 816.

biguous. *E.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 [111 S.Ct. 1522, 113 L.Ed.2d 622] (1991)[.]

In light of these controlling principles from *Central Contracting[, supra,]* and prevailing case law, a forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

*Patriot Commercial, supra* at 650–51 (some citations omitted).

¶ 10 In *Carnival Cruise, supra,*[3] relied upon by this Court in *Patriot Commercial, supra,* the United States Supreme Court held that a forum selection clause contained in a cruise ticket purchased by the plaintiffs, residents of Washington, from a Florida corporation, that required them to bring any lawsuit stemming from the cruise in Florida, was valid and enforceable. The Court relied upon its decision in *The Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), where it held that forum-selection clauses, although not "historically ... favored," are "prima facie valid." *Carnival Cruise, supra* at 589, 111 S.Ct. 1522 (quoting *The Bremen, supra* at 9–10, 92 S.Ct. 1907). In coming to its holding, the Court rejected the argument that the clause should be deemed unenforceable simply because it was contained in a form contract and not the result of equal bargaining power. *Carnival Cruise, supra* at 593–94, 111 S.Ct. 1522. Finally, the Court rejected the contention that the clause should be disregarded based on the inconvenience of residents of Washington having to bring suit in Florida, noting that Florida is not a "remote alien forum" and that the plaintiffs had notice of the clause yet nevertheless purchased the tickets. *Id.* at 594, 111 S.Ct. 1522.

¶ 11 Here, the forum selection clause clearly and unambiguously states that any lawsuit against Appellee must be brought in the "county and state" of the insured's "legal domicile," in this case Delaware County. As this provision is "clear and unambiguous," we are "required to give effect to that language." *Mitsock, supra* at 831. Furthermore, both *Central, supra,* and *Patriot Commercial, supra,* acknowledge the presumptive validity of such clauses. While both of those cases were decided in the context of contracts between commercial entities, neither case contains any language which would suggest they should be limited to such situations. Rather, *Patriot Commercial's* reliance upon *Carnival Cruise, supra,* a case involving a form contract between individuals and a large corporation, supports our finding that the forum selection clause at issue in the instant case is presumptively valid. Accordingly, Appellants' first argument fails.[4]

---

3.  *Carnival Cruise* is not binding on the instant case as it dealt with federal law, not Pennsylvania law. Nevertheless, we address the High Court's reasoning as we deem it persuasive on the issue before us.

4.  In support of their claim, Appellants cite cases in which Pennsylvania courts have invalidated insurance policy provisions at odds with Pennsylvania statutory law. (*See* Appellant's Brief, at 8). In none of these cases,

however, was a provision stricken for altering the Rules of Civil Procedure; rather, the provisions at issue in those cases attempted to narrow the scope of insurance coverage, thus defeating the protective purpose of the Motor Vehicle Financial Responsibility Law (MVFRL). *See, e.g., Prudential Prop. & Cas. Ins. Co. v. Colbert*, 572 Pa. 82, 813 A.2d 747, 756 (2002) (invalidated provision of insurance policy which excluded son as an "insured"

¶ 12 Appellants' alternatively argue, in an implicit attempt to overcome the forum selection clause's presumption of validity, that the clause should be deemed unenforceable as a matter of public policy because "Pennsylvania has a strong policy in allowing a plaintiff his choice of forum." (Appellant's Brief, at 11). Again, we disagree.

¶ 13 Initially, we note that while

a plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper ... [,] **a plaintiff's choice of venue is not absolute or unassailable.** If there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Forrester v. Hanson,* 901 A.2d 548, 552 (Pa.Super.2006) (citation omitted) (emphasis added).

¶ 14 With regard to claims that a contract provision should be deemed unenforceable on public policy grounds, this Court has explained:

To be contrary to public policy, a contract must tend to injure the public or be against the public good, or must be inconsistent with good morals as to the consideration to be exchanged or the thing to be done for consideration. **Only in the clearest of cases may a court declare a contract void as against public policy.**

*J.F. v. D.B.,* 897 A.2d 1261, 1279 (Pa.Super.2006) (citations omitted) (emphasis added), appeal denied, 589 Pa. 739, 909 A.2d 1290 (2006). Here, Appellants have

failed to persuade us that requiring them to litigate their lawsuit in the county in which they live and in which the accident occurred would "injure the public or be against the public good." *Id.* Furthermore, as explained in footnote four, *supra,* the forum selection clause does not impair any substantive right afforded by the MVFRL. Accordingly, we reject Appellants' contention that the clause is unenforceable as a matter of public policy.

¶ 15 Order affirmed.

because at odds MVFRL's definition of "insured," and thus at odds with the purpose of the MVFRL which is to protect motorists from the negligence of other drivers); *Richmond v. Prudential Prop. & Cas. Ins. Co.,* 856 A.2d 1260 (Pa.Super.2004) (invalidating a policy which construed the term "motor vehi-

cle" and "insured" more narrowly than permitted by statute). Here, to the contrary, the provision does not limit the protections afforded by the MVFRL, as Appellants are still entitled to pursue their lawsuit in Delaware County, the county in which they live and in which the accident occurred.