J-A11026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BALMORAL HOMEOWNERS MAINTENANCE CORP., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MICHAEL PASQUARELLO AND YEN PASQUARELLO, | |
| Appellees | No. 3071 EDA 2014 |

Appeal from the Order Dated October 1, 2014
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2014-04854-CT

BEFORE: FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                              **FILED JUNE 05, 2015**

Appellant, Balmoral Homeowners Maintenance Corp., appeals from the order entered on October 1, 2014, sustaining preliminary objections filed by Michael and Yen Pasquarello (the Pasquarellos) and transferring the action from Chester County to Delaware County. Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows. The Pasquarellos are residential homeowners in a planned community maintained by Appellant. The parties entered into a settlement and release agreement (the agreement) on May 1, 2012, whereby Appellant agreed to make improvements to the Pasquarellos' residence. The parties entered into the agreement to resolve a civil libel action pending in Delaware County. On May 23, 2014, Appellant filed a complaint in Chester County

against the Pasquarellos, alleging interference with the agreement when the Pasquarellos refused to permit home improvement companies from completing work on their residence. On June 17, 2014, the Pasquarellos filed preliminary objections to the complaint alleging that the agreement contained a clause providing that all causes of action were to commence in Delaware County. By order entered on October 1, 2014, the trial court agreed, sustained the Pasquarellos' preliminary objections, and transferred the case to Delaware County. This timely appeal resulted.[1]

On appeal, Appellant presents one issue for our review:

> Did the trial court err in relying on a settlement agreement in a different case to transfer venue to Delaware County when such settlement agreement provided that venue would lie in Delaware County for disputes arising under that settlement agreement but the dispute in the present case does not arise under such agreement?

Appellant's Brief at 4.

Appellant initially argues it is unclear whether it was a party to the agreement, because the agreement contains "a number of signatures of individuals but that of the [Appellant homeowner's] association nowhere appears." *Id.* at 7. Thus, Appellant "dispute[s] whether [it] 'freely' entered into a forum choice agreement[.]" *Id.* at 18. Alternatively, Appellant

---

[1] Appellant filed a notice of appeal on October 30, 2014. On October 31, 2014, the trial court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on December 17, 2014.

contends that the underlying dispute was not an action to enforce the provisions of the agreement. Instead, Appellant argues the Pasquarellos have allegedly interfered with separate construction contracts between Appellant and independent contractors. More specifically, in the current complaint, Appellant averred that it contracted with two home improvement contractors to make repairs required under the agreement. On two occasions when the contractors arrived to perform the home repairs, the Pasquarellos refused to allow them to complete the job. Therefore, Appellant seeks damages. In that same complaint, Appellant also "instituted litigation in Chester County to collect allegedly unpaid dues and assessments from [the Pasquarellos] for [their] unit in the Balmoral community." *Id.* at 18. Thus, Appellant suggests that the current litigation did not arise under the agreement and the trial court's decision to transfer was erroneous. Finally, Appellant argues that a plaintiff's choice of venue is entitled to deference and the only nexus with Delaware County is the location of the Pasquarellos' attorneys' offices. *Id.* at 18-20.

We have previously determined that a venue selection clause can serve as the basis for sustaining preliminary objections. *See O'Hara v. First Liberty Ins. Corp.*, 984 A.2d 938 (Pa. Super. 2009). "Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error." *Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.*, 9 A.3d 1207, 1211 (Pa. Super. 2010)."

Regarding contract formation, our Supreme Court concluded:

The law of this Commonwealth makes clear that a contract is created where there is mutual assent to the terms of a contract by the parties with the capacity to contract. If the parties agree upon essential terms and intend them to be binding, a contract is formed even though they intend to adopt a formal document with additional terms at a later date. As a general rule, signatures are not required unless such signing is expressly required by law or by the intent of the parties.

***Shovel Transfer & Storage, Inc. v. Pennsylvania Liquor Control Bd.***, 739 A.2d 133, 136 (Pa. 1999).

Moreover,

[signatures] may [] be required if the parties intended that a contract would not exist until all the signatures were affixed. ***Lower Frederick Township v. Clemmer***, 543 A.2d 502, 510 (Pa. 1988)("[A] fundamental rule in construing a contract is to ascertain and give effect to the intention of the parties."); ***Stephens v. Carrara***, 401 A.2d 821, 824 (Pa. Super. 1979)("[W]here the written agreement contains the names of certain persons as parties, and one or more do not sign while others do, the question of whether those who sign are bound is to be determined by the intention and understanding of the parties."). It is firmly settled that the intent of the parties to a written contract is contained in the writing itself. ***Krizovensky v. Krizovensky***, 624 A.2d 638, 642 (Pa. Super. 1993); ***accord Steuart v. McChesney***, 444 A.2d 659 (Pa. 1982). When the words of a contract are clear and unambiguous, the intent is to be found only in the express language of the agreement. For example, in ***Franklin Interiors v. Wall of Fame Management Co., Inc.,*** 511 A.2d 761 (Pa. 1986), a term of the contract provided that "this document does not become a contract until approved by an officer of Franklin Interiors." 511 A.2d at 762. Based upon this express term, [our Supreme Court] concluded that an enforceable contract did not exist in the absence of the required approval. ***Id.*** at 763.

- 4 -

*Id.* at 137-138 (one citation omitted).

This Court previously determined:

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation. When a contract is free from ambiguity, the court must interpret the contract as written.

*Mazurek v. Russell*, 96 A.3d 372, 378 (Pa. Super. 2014) (internal citations, quotations and brackets omitted).

The agreement stated, in relevant part:

### SETTLEMENT AND RELEASE AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** is made this 1st day of May, 2012, by and among: **BALMORAL HOMEOWNERS MAINTENANCE CORP.** (referred to hereinafter as "**ASSOCIATION**"), **MYRNA FARINA**, **ARIS LEE**, **BRENT MCDOUGALL**, **CRAIG PARRISH**, **PATRICK RITA**, **MARCUS & HOFFMAN, P.C.** (referred to hereinafter as "**PLAINTIFFS**") and **YEN** and **MICHAEL PASQUARELLO** (referred to hereinafter as "**DEFENDANTS**"). **PLAINTIFFS** and **DEFENDANTS** are hereinafter referred to as "**PARTIES**".

### BACKGROUND

**WHEREAS**, this is a Settlement and Release Agreement ("Agreement") whereby the parties desire to extinguish their rights and claims against each other arising from their disputes and differences as to their rights, duties and obligations including, but not limited to, all claims set forth in: *Balmoral Homeowners Maintenance Corp., et al, v. Yen and Michael Pasquarello*, Delaware County Court of

Common Pleas, 10-13391 (referred to hereinafter as the "**ACTION**").

**NOW, THEREFORE**, in consideration of the promises of the several mutual covenants and/or promises and/or agreements contained, the parties hereto, intending to legally bind themselves, their heirs and successors hereby promise, covenant and agree as follows:

\* \* \*

[1.]e.   Replacement of Siding – The Association will cause the [Pasquarellos'] home to receive new vinyl siding of the kind currently on the party wall adjoining the [Pasquarellos'] neighbor.  Instillation of this siding will be done in a manner in accordance with acceptable building practices [].  The vinyl siding will be new and will cover the front, back and open side of the home (and garage wall).  The siding will be completed in the current year which will allow time for the Association to develop specifications, receive bids from at least 3 contractors and to bundle the additional items of work which must be repaired [].  All costs and expenses regarding the siding replacement, (vinyl siding installation with all related flashing, taping, insulation and similar items) shall be paid by the Association.

\* \* \*

7.   Controlling Law/Venue/Enforcement – All provisions of this Agreement shall be interpreted and enforced in accordance with the substantive laws of the Commonwealth of Pennsylvania.  Any action necessary to enforce any of the provisions of this Agreement shall be brought in the Court of Common Pleas, Delaware County, Pennsylvania.

Agreement, 5/1/2012, at 1-4 (handwritten notations in parentheticals).

Robert J. Hoffman, Esquire, on behalf of Marcus & Hoffman, P.C., Myrna Farina, Brent McDougall, Aris Lee, Craig Parrish and Patrick Rita, all signed the agreement. The Pasquarellos' are signatories, as well. Appellant is correct that there is no signature by Appellant, or an agent on its behalf. However, as previously stated, a signature is not necessarily required to enforce a contract. A signature is not required unless it is the intent of the parties that no contract exists until all signatures are affixed. While there is no direct signatory for Appellant to the agreement, there is also no provision in the agreement that states that an enforceable contract did not exist in the absence of the required approval. Thus, we reject Appellant's suggestion that a signature was necessary.

In viewing the agreement's plain terms, we further conclude that Appellant intended the terms of that contract to be binding. The agreement defined Appellant as a "party." The parties expressed a mutual desire to extinguish their rights and claims and to settle *Balmoral Homeowners Maintenance Corp., et al, v. Yen and Michael Pasquarello*, Delaware County Court of Common Pleas, 10-13391. In addition, it was agreed that new vinyl siding would be installed on the Pasquarellos' home. The agreement has a choice of venue clause included that clearly delineates that **any action** necessary to enforce **any provision** of the agreement shall be brought in Delaware County. Here, as explained below, Appellant sought damages allegedly incurred when it endeavored to install vinyl siding, as per the terms of the agreement, and the Pasquarellos allegedly interfered with that work.

Thus, Appellant's claims sought recovery for expenses incurred in attempting to fulfill obligations under the agreement.[2] Thus, it was required to do so in Delaware County. Hence, sustaining preliminary objections and transferring the case to the appropriate court was proper.

We also reject Appellant's claim that the present dispute did not arise under the agreement. Appellant's complaint alleged, in pertinent part:

\*　　　\*　　　\*

7. On May 1, 2012, [Appellant] entered into a written agreement with the owner and the owner's husband, hereinafter called "the settlement agreement," whereby [Appellant] undertook to make certain improvements to the unit. [Appellant attached a copy of the agreement to the complaint as an exhibit.]

8. Pursuant to the settlement agreement, [Appellant] entered into a written contract with a home improvement company known as KPI 2 to make certain improvements to unit 319, hereinafter called "the first contract."

9. On or about August 7, 2012, the owner's husband interfered with the first contract by refusing to allow KPI 2 to install siding at the unit, as had been promised by [Appellant] in the settlement agreement.

10. Thereafter, the owner claimed that [Appellant] had failed to perform its obligations under the settlement agreement and on or about July 3, 2013, pursued frivolous legal proceedings in the Court of Common Pleas of Delaware

---

[2] We reject Appellant's suggestion that its complaint also encompassed allegations that the Pasquarellos' failed to pay unpaid association dues and assessments as a reason to deny the transfer. It seems clear that the failure to pay dues and assessments is intertwined with the claim that contracting work was not completed.

County which caused [Appellant] to incur otherwise unnecessary legal expenses.

11. Thereafter, pursuant to the settlement agreement, [Appellant] entered into a written contract with a different home improvement company known as Ingram to make certain improvements to unit 319, hereinafter called "the second contract."

12. On or about May 12, 2014, the owner's husband interfered with the second contract by refusing to allow Ingram to install siding at the unit, as had been promised by [Appellant] in the settlement agreement.

13. The owner's husband knew, or should have known, that his conduct on August 7, 2012, and on May 12, 2014, would prevent the contractors who had been hired by [Appellant] to perform its obligations under the first contract and the second contract.

Complaint, 5/23/2014, at 2-3 (page numbers supplied). Appellant seeks specific monetary damages that resulted.

Curiously, as set forth above, Appellant's complaint maintains that it was acting pursuant to the terms of the agreement when the Pasquarellos purportedly interfered with construction. Thus, Appellant's complaint concedes that it entered into the agreement at issue. However, in arguing that the venue provision in the agreement does not apply, Appellant changes tactic and claims it was not a party to the agreement. In filing the complaint and requesting damages because it could not fulfill its obligation under the agreement, Appellant's intent to be bound by the terms of the agreement is clear for this additional reason. Thus, Appellant is bound to the choice of venue clause, as well. Accordingly, we discern no error in granting the

Pasquarellos' preliminary objections and transferring the case to Delaware County.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015