J. A15026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HILDA CID, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ERIE INSURANCE GROUP A/K/A | : | |
| ERIE INSURANCE EXCHANGE A/K/A | : | |
| ERIE INSURANCE COMPANY, | : | |
| | : | |
| Appellee | : | No. 3041 EDA 2015 |

Appeal from the Order Entered August 21, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: No. 1874 – June Term, 2015

BEFORE: FORD ELLIOTT, P.J.E., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 20, 2016**

Appellant, Hilda Cid, appeals from the Order of the Court of Common Pleas of Philadelphia County sustaining the Preliminary Objections of Appellee, Erie Insurance Exchange ("Erie"), to venue and transferring this matter to Montgomery County. After careful review, we reverse.

The facts, as summarized by this Court in disposing of Appellant's first appeal, are as follows:

> Hilda Cid, an Erie insured, sustained injuries in two automobile collisions in May 2005 and March 2006. On November 15, 2011, she filed a petition to appoint a third/neutral arbitrator and compel UIM arbitration in Philadelphia County. Erie filed an answer to the petition arguing, *inter alia,* that according to the insurance policy, proper venue lay in Montgomery County, the county of residence of the named insured at the time of the

accident.[1]  On November 29, 2011, Ms. Cid inexplicably filed a second, identical petition to compel arbitration at the same number, together with an affidavit showing service upon Erie by certified mail.  On December 8, 2011, Erie filed preliminary objections to this second petition challenging venue and service of process.  On January 3, 2012, the court ordered Erie to file a copy of the insurance policy and specifically reference the venue provision to enable the court to make a preliminary determination.  Erie complied, and on January 18, 2012, the trial court sustained Erie's preliminary objections to venue and dismissed the petition without prejudice for Ms. Cid to file a similar petition in the proper venue, Montgomery County.

*Cid v. Erie Ins. Group*, 63 A.3d 787, 788-89 (Pa. Super. 2013).

The trial court granted reconsideration, and ultimately again sustained the Preliminary Objections.  Appellant appealed; this Court affirmed and the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal.  *Id*., *appeal denied*, 77 A.3d 1258 (Pa. 2013).  That matter is pending in Montgomery County.[2]

On July 15, 2015, Appellant filed a Complaint in Philadelphia County alleging breach of contract, fraud, bad faith, abuse of process, and civil

---

[1]  The Policy Endorsement pertaining to UM/UIM coverage provides, in relevant part, that any disagreements over "the amount of damages[] shall be settled by arbitration."  *See* Policy, UM/UIM Coverage Endorsement at 4.  The Policy further provides that "[u]nless the parties agree otherwise, the arbitration will take place in the county and state of **your** legal domicile at the time of the accident, and will follow the local rules of procedure and evidence."  *Id*. (emphasis in original).

[2]  On March 22, 2012, the Montgomery County Court of Common Pleas granted Petitions for the appointment of a third arbitrator and to compel arbitration.  **See** Appellee's Supplemental Reproduced Record at 100b (Docket Entries to Case #2011-32290). Neither party indicates whether arbitration proceedings have ever commenced.

conspiracy stemming from Erie's handling of her claims for benefits under the policy for her injuries suffered in the two motor vehicle accidents. Erie filed Preliminary Objections, again asserting improper forum based on the same forum selection clause of the Policy pertaining to arbitration of UM/UIM disputes. Appellant responded that venue was proper in Philadelphia County because Erie transacts substantial business in Philadelphia County, and "the referenced venue clause applies only to the arbitration of [UM/UIM] claims and not to extracontractual claims such as those set forth in the present complaint." Appellant's Brief at 9; Appellant's Answer to Preliminary Objections, filed 7/21/15, at 3.

On August 21, 2015, the trial court sustained Erie's Preliminary Objections and ordered that the matter be transferred to Montgomery County. The trial court stated that all of the issues raised in the Complaint "necessitate[] a finding of whether [Appellant] is [e]ntitled to [UM/UIM] benefits under the Policy." Trial Court Opinion, filed 11/13/15, at 6. On September 21, 2015, Appellant filed a Notice of Appeal.

Appellant presents one issue for our review:

Whether the trial court erred and abused its discretion in transferring venue of this bad faith action to Montgomery County on the basis of the uninsured/underinsured motorist claim forum selection clause allegedly contained within [A]ppellant's policy of insurance?

Appellant's Brief at 3.

Our standard of review is well-settled. "Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error." ***Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.***, 9 A.3d 1207, 1211 (Pa. Super. 2010) (quotation and citation omitted).

Instantly, the issue involves the enforceability of a contract provision and, thus, raises a question of law. ***Id***. "Since the sole issue involves a question of law, we exercise plenary review over the trial court's decision." ***Id***. (quotation and citation omitted). "When the language of the policy is clear and unambiguous, we must give effect to that language." ***Donegal Mut. Ins. Co. v. Baumhammers***, 938 A.2d 286, 290 (Pa. 2007) (quotation and citation omitted). "However, when a provision in the policy is ambiguous, the policy is to be construed in favor of the insured to further the contract['] s prime purpose of indemnification and against the insurer, as the insurer drafts the policy and controls coverage." ***Id***. (quotation and citation omitted).

Appellant first avers that "it was never proved in the trial court that the specimen policy offered by Erie, which contained the forum selection clause, was the policy sold to [A]ppellant. Erie therefore failed to prove that there was even a forum selection clause at issue in this litigation." Appellant's Brief at 8. Appellant failed to raise this claim before the trial court and raises it for the first time on appeal. Therefore, this argument is

waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[3]

Appellant next avers that the forum selection clause relied upon by the trial court is inapplicable because it applies only to claims pertaining to UM/UIM coverage. Appellant asserts that "[n]othing in the clause extended its application to derivative tort actions arising from Erie's handling of UM and UIM claims." Appellant's Brief at 7. For the reasons discussed below, we agree.

The Policy Endorsement pertaining to UM/UIM coverage and arbitration provides that the following disagreements shall be settled by arbitration:

1. whether or not **anyone we protect** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**; or
2. The amount of damages;

Policy, UM/UIM Coverage Endorsement at 4 (emphasis in original).

The venue provision states:

Unless the parties agree otherwise, the arbitration will take place in the county and state of **your** legal domicile at the time of the accident, and will follow the local rules of procedure and evidence.

*Id*. (emphasis in original).

---

[3] Appellant also failed to set out where this argument was raised or preserved in her brief, as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2117(c) ("Statement of place of raising or preservation of issues"); Pa.R.A.P. 2119(e) (same).

With respect to claims raising issues other than UM/UIM coverage, the Policy Endorsement provides that "all other disagreements shall be decided by a court of competent jurisdiction and not by arbitration[,]" including **but not limited to**:

1. stacking;
2. residency;
3. statutes of limitations;
4. whether or not a claimant is a person we protect under this endorsement;
5. the validity of coverage selections or waivers executed pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law;
6. **our** rights and duties or **your** rights and duties under this policy;
7. the interpretation of defined terms, the insuring agreement, exclusions, the limits of protection, the trust agreement, this arbitration clause, or any other of the policy's terms and conditions; or
8. the degree to which either party is bound by a decision made by an arbitration panel which a party claims is outside the scope of the arbitration.

*Id*. (emphasis in original).

In sustaining Erie's Preliminary Objections, the trial court opined that all of the issues Appellant raised in her Complaint were dependent "on a finding of whether she is entitled to UM/UIM benefits under the Policy." Trial Court Opinion, filed 11/13/15, at 6. We disagree.

In the Complaint, Appellant alleged breach of contract, bad faith, fraud, civil conspiracy, and abuse of process, each grounded in an averment that Erie has put up numerous roadblocks, "whether proper or not, to prevent, delay or limit [Appellant's] recovery for the injuries, damages and

losses that she has suffered from the injuries caused by these two collisions." Complaint, ¶ 10. These causes of action do not pertain to whether Appellant "is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle." Policy, UM/UIM Coverage Endorsement at 4. Rather, the allegations in the Complaint essentially derive from disagreements as to the parties' "rights and duties … under [the] policy" and allegations of bad faith. *Id*. Pursuant to the unambiguous and clear policy language to which we must give effect, these "disagreements shall be decided by a court of competent jurisdiction and not by arbitration[.]" *Id*.; *see Donegal*, *supra*. The trial court, thus, erred in granting the preliminary objection and transferring the case to Montgomery County on the basis of forum selection directed in the arbitration clause of the policy.

Moreover, the trial court erred as a matter of law in concluding that each of the claims depends on the outcome of the UM/UIM arbitration proceeding in Montgomery County.

In her Complaint, Appellant grounded each cause of action in an allegation that Erie has acted in bad faith. *See*, *e.g.*, Complaint at ¶ 6 (Erie "failed and refused … to fulfill their obligations to … their insured"); ¶ 7 (Erie has "done everything in their power to delay the plaintiff's claims, frustrate the plaintiff's claims, and or take actions or inactions as they attempt to limit the plaintiff's recovery, some proper and others that are not"); ¶ 8 (Erie has

"failed and refused to negotiate ... in good faith"); ¶ 10 (Erie "[has] done or will do almost anything, whether proper or not, to prevent, delay or limit the plaintiff's recovery" under the policy); ¶ 25 (the "behavior of [Erie] in refusing to pay benefits to plaintiff[] is a blatant breach of the fiduciary obligations owed by [Erie] to plaintiff[] and is outrageous conduct intolerable in a civilized society.").

This Court has held that bad faith claims are "neither related to nor dependent on the underlying contract claim against the insurer[,]" and an insured is "not required to wait until the merits of the contract claim [are] decided to file suit for bad faith." *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1039 n.5 (Pa. Super. 1999) (discussing 42 Pa.C.S. § 8371, entitled "Actions on insurance policies."); *see also March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1256 (Pa. Super. 1994) (reiterating that bad faith "claims under section 8371 are separate and distinct causes of action and [] the language of section 8371 does not indicate that success on the contract claim is a prerequisite to success on the bad faith claim").

In support of its decision to transfer this matter to Montgomery County, the trial court relied on *O'Hara v. First Liberty Ins. Corp.*, 984 A.2d 938 (Pa. Super. 2009). In *O'Hara*, this Court upheld the applicability of a forum selection clause in an underinsured motorist insurance policy that limited suits to courts in the county and state of the named insured's legal domicile at the time of the accident. That policy stated, "You must comply

with the terms of the policy before you may sue us. Suit must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident." *Id*. at 941.

The trial court's reliance on *O'Hara* is misplaced. That broader insurance policy language extended to all lawsuits against the insurance company First Liberty. *Id*. at 941. Here, the policy language is not as broad and does not explicitly address Appellant's derivative claims at issue. Moreover, the instant policy language only limits arbitration to Appellant's legal domicile at the time of the accident. It does not speak to derivative lawsuits. Accordingly, *O'Hara* is readily distinguishable on its facts.

Based on the foregoing, we conclude the trial court erred as a matter of law in sustaining Erie's Preliminary Objection. Accordingly, we reverse.

Order reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

PJE Ford Elliott joins the memorandum.

Judge Jenkins files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2016