J-S24035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANI KAZANJIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE FIRST LIBERTY INSURANCE | : | No. 507 EDA 2021 |
| CORPORATION | : | |

Appeal from the Order Dated January 28, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200100687

BEFORE:  PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED AUGUST 23, 2022**

Ani Kazanjian (Kazanjian) appeals from the January 28, 2021 order of the Court of Common Pleas of Philadelphia County (trial court) sustaining the preliminary objection filed by The First Liberty Insurance Corporation (FLIC) and transferring venue over this case to Delaware County.[1]  We affirm.

We glean the following facts from the certified record.  In April 2014, Kazanjian was struck by another motorist while driving in Delaware County and sustained serious injuries.  She obtained a settlement of $40,000 from the tortfeasors' insurance company, which was the combined policy limits of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "An appeal may be taken as of right from an order in a civil action or proceeding changing venue. . . ."  Pa. R.A.P. 311(c).

their coverage. The settlement was insufficient to compensate Kazanjian fully for her damages so she filed a claim with her insurer, FLIC, for underinsured motorist benefits. FLIC denied her claim and she filed the instant action seeking to be compensated fully under the policy.

In her complaint, Kazanjian set for the following related to venue in Philadelphia County: "Defendant, [FLIC], is a lawfully existing business entity authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania, regularly conducts business in Philadelphia County, Pennsylvania, and has an office or usual place of business at the above-captioned address." Complaint in Civil Action, 1/8/20, at ¶ 2. The captioned business address was in Boston, Massachusetts. The complaint further averred that Kazanjian resides at an address in Delaware County.

FLIC filed a preliminary objection to venue arguing that Kazanjian had failed to allege how FLIC's business in Philadelphia County was sufficient to establish venue there. It contended that FLIC "does not operate any business in Philadelphia County that is necessary to its existence" and that under the Rules of Civil Procedure, "[t]here [was] no basis for the [c]ourt to find that Philadelphia County is a proper venue for this action." Preliminary Objections, 10/13/20, at ¶¶ 12-13. It requested that the trial court sustain the objection and transfer the case to Delaware County. The preliminary objection was verified by FLIC's counsel but did not include any affidavits or additional evidence regarding venue.

- 2 -

Kazanjian filed a response to the preliminary objection arguing that her averment in Paragraph 2 of the complaint was sufficient to plead venue in Philadelphia County. She contended that FLIC was required to first set forth evidence to support its claim of lack of venue before the burden shifted to her to establish that venue was proper. She argued that FLIC had failed to meet the threshold evidentiary burden to support its preliminary objection and requested it be overruled. In the alternative, she requested additional time for the parties to conduct discovery on the issue of venue.

The trial court sustained FLIC's preliminary objection and entered an order transferring the case to Delaware County, reasoning that Kazanjian had repeatedly failed to provide relevant factual averments to support her contention that FLIC regularly conducted business in Philadelphia County. *See* Trial Court Opinion, 2/2/22, at 7-8, 10-11. Kazanjian timely appealed and she and the trial court have complied with Pa. R.A.P. 1925. On appeal, she argues that the trial court abused its discretion in holding that venue was improper in Philadelphia County because FLIC did not properly place venue at issue in its preliminary objection.[2] In the alternative, she argues that the trial

_____

[2] Our standard of review is well-settled:

> A decision to transfer venue will not be reversed unless the trial court abused its discretion. A plaintiff's choice of forum is given great weight, and the burden is on the party challenging that choice to show it is improper.

*(Footnote Continued Next Page)*

court erred by granting the preliminary objection without allowing her to conduct discovery on venue.

A suit against a corporation may be brought, *inter alia*, in any county in which the corporation regularly conducts business. Pa. R.C.P. 2179(a)(2). A challenge to venue as improper must be raised by preliminary objection and "shall state specifically the grounds relied upon." Pa. R.C.P. 1006(e) & 1028(a)(1), (b). In considering a preliminary objection based on improper venue, "the burden is on the party challenging venue . . . to show the plaintiff's chosen venue is improper. However, once they properly raise the issue of venue and provide some evidence . . . to dispel or rebut the plaintiff's choice, the burden shifts back to the party asserting proper venue." *Hausmann v. Bernd*, 271 A.3d 486, 493 (Pa. Super. 2022) (citation omitted, cleaned up); *see also Schmitt v. Seaspray-Sharkline, Inc.*, 531 A.2d 801, 803 (Pa. Super. 1987) ("The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, place the burden upon the plaintiff to negate those allegations. . . . It is only when the moving party properly

---

However, if there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. . . . An abuse of discretion occurs when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias or ill-will.

*Schultz v. MMI Prods., Inc.*, 30 A.3d 1224, 1228 (Pa. Super. 2011) (cleaned up; citations omitted).

raises the jurisdictional issue that the burden of proving jurisdiction is upon the party asserting it.").

Courts employ a fact-specific quality-quantity analysis to determine whether venue is proper. *Hangey v. Husqvarna Prof. Prods., Inc.*, 247 A.3d 1136, 1141 (Pa. Super. 2021) (*en banc*), *appeal granted*, 147 EAL 2021 (Pa. 2022). "The term 'quality of acts' means those directly, furthering, or essential to, corporate objects; they do not include incidental acts. To satisfy the quantity prong of this analysis, acts must be sufficiently continuous so as to be considered habitual." *Id.* (citations omitted).

When a factual issue is raised by a preliminary objection, "the court shall consider evidence by depositions or otherwise." Pa. R.C.P. 1028(c)(2). The comment to Rule 1028(c)(2) states that preliminary objections based on improper venue "cannot be determined from facts of record." Pa. R.C.P. 1028(c)(2), *note*. However, a trial court "has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion." *Wimble v. Parx Casino & Greenwood Gaming & Entertainment, Inc.*, 40 A.3d 174, 179 (Pa. Super. 2012) (quoting *Schultz v. MMI Prods., Inc.*, 30 A.3d 1224, 1228 (Pa. Super. 2011)).

In *Hausmann*, we concluded that the trial court did not abuse its discretion in transferring venue under the burden-shifting framework and the quality-quantity analysis. *Hausmann*, *supra*, at 496-97. There, the

corporate defendants provided an affidavit in support of their preliminary objection to venue in which they enumerated the amount of revenue they had earned in Philadelphia County in the previous four years compared to their total revenue in that time period. *Id.* at 489. The plaintiff responded by citing the defendants' answers to interrogatories and a public activity license search to argue that the defendants' business in Philadelphia County was regular and continuous. *Id.* at 489-90. We concluded that the plaintiff had failed to establish that venue in Philadelphia County was proper because the evidence he produced to rebut the affidavit did not establish that the defendants regularly conducted business there at the time the suit was filed. *Id.* at 497. Moreover, we faulted the plaintiff for failing to conduct further discovery to carry his evidentiary burden on venue despite being granted leave to do. *Id.*

In contrast, in *Wimble*, we held that the trial court did not abuse its discretion in transferring venue without ordering discovery because the plaintiffs only attempted to establish venue based on a faulty legal premise which could be evaluated on the pleadings. *Wimble*, *supra*; *see also Schultz*, *supra* (holding that venue was properly transferred when defendants attached affidavit to preliminary objections detailing the extent of its business in forum county and plaintiffs did not respond with factual averments rebutting that evidence). No additional factual development was necessary to decide the merits of the preliminary objection. However, when the moving party fails to set forth evidence in support of the preliminary

objection or the pleadings evidence a factual dispute regarding whether venue is proper, the preliminary objection may be overruled or the court must allow development of an evidentiary record before ruling on the objection. *See Hamre v. Resnick*, 496 A.2d 510 (Pa. Super. 1984) (remanding for discovery on venue when there was a factual dispute in the pleadings as to whether the transaction or occurrence at issue took place in plaintiff's chosen forum); *Alumbaugh v. Wallace Bus. Forms, Inc.*, 313 A.2d 281, 283-84 (Pa. Super. 1973) (trial court properly overruled preliminary objection to venue when movants did not present any evidence in support of objection and non-moving party nonetheless produced deposition suggesting jurisdiction was proper in Pennsylvania).[3]

Here, FLIC's preliminary objection set forth the following:

6. In paragraph 37 of her Complaint, the Plaintiff avers that "The Court of Common Pleas of Philadelphia County in Philadelphia, Pennsylvania is a Court of competent jurisdiction." Plaintiff makes no other averments that Philadelphia County is the proper venue for this matter to be adjudicated in.

---

[3] We have previously recognized that "for procedural purposes, objections to venue are treated as raising a question of jurisdiction," and relied on cases analyzing preliminary objections to jurisdiction when examining a question of venue. *See Deyarmin v. Consol. Rail Corp.*, 931 A.2d 1, 9 (Pa. Super. 2007) (citation omitted). Moreover, in *Alumbaugh*, even though the trial court overruled the preliminary objection to jurisdiction, we approved of its additional reasoning that the moving party could raise and prove their allegations at trial. *Alumbaugh*, *supra*, at 284. At the time, the comment to Pa. R.C.P. 1028(c) allowed the trial court to postpone disposition of doubtful or fact-specific preliminary objections until evidence was developed at trial. *Id.* at 282-83.

7. Plaintiff fails to allege how the Defendant, [FLIC's] acts are continuous and sufficient so as to be general or habitual, and, she fails to establish that any actions by the Co-Defendant[4] that are "necessary to its [their] existence," occur in Philadelphia County.

\*\*\*

12. As explained above, Plaintiff's cause of action arose in Delaware County, Plaintiff resides in Delaware County, and Defendant does not operate any business in Philadelphia County that is necessary to its existence.

Preliminary Objections, 10/13/20, at ¶¶ 6-7, 12. The objections were verified by FLIC's counsel. They do not set forth any additional factual averments or attach any exhibits regarding FLIC's business in Philadelphia County.

Contrary to FLIC's argument on appeal, the statement that it "does not operate any business in Philadelphia County that is necessary to its existence" is a legal conclusion drawn from our case law on the quality-quantity test, not a factual averment. *Id.* at ¶ 12; *see*, *e.g.*, ***Zampana-Barry v. Donaghue***, 921 A.2d 500, 503 (Pa. Super. 2007) ("Quality of acts will be found if an entity performs acts in a county that directly further or are essential to the entity's business objective. . . . Acts that aid a main purpose are collateral and incidental while those necessary to an entity's existence are direct."). FLIC did not set forth any specific factual averments to challenge venue in Philadelphia County, such as information regarding any revenue derived from

---

[4] This appears to be a typo, as there is no dispute that FLIC is the sole defendant in this action.

Philadelphia businesses, contacts or employees located there or attempts to advertise or solicit business in that forum. It merely pled a bare legal allegation, unsupported by relevant facts, that venue in Philadelphia County is improper. *See Schmitt*, *supra*.

Thus, this case is distinguishable from the cases FLIC relies upon in arguing that it presented sufficient facts to support its preliminary objection. *See Schultz*, *supra* (movant submitted affidavit detailing extent of its business in the forum county); *Silva v. Philadelphia Yearly Mtg.*, 2729 EDA 2019 (Pa. Super. July 28, 2020) (unpublished memorandum) (movants submitted certifications averring that it had no day-to-day operations, property, offices, business transactions or other connections to forum county).[5] In these cases, the trial court could evaluate the evidence presented by the moving parties under the quality-quantity test and determine whether the facts established that they performed acts "necessary to [their] existence" in the forum county. *Zampana-Barry*, *supra*. Here, FLIC provided the trial court with the bare legal conclusion that it did not meet the standard without providing any factual basis in support. The burden-shifting framework required FLIC to first adduce sufficient facts to raise a question as to venue and its unsupported legal conclusions did not overcome this initial hurdle.

---

[5] Recognizing that it is a non-precedential memorandum decision, FLIC cites to *Silva* for its persuasive value. *See* Pa. R.A.P. 126(b).

***Hausmann***, ***supra***, at 493; ***Schmitt***, ***supra***. As a result, the trial court misapplied the law when it concluded that Kazanjian was required to produce factual averments to support venue in Philadelphia County when FLIC had not yet put venue in dispute. ***See*** Trial Court Opinion, 2/2/22, at 7-8, 10-11.

Nevertheless, we may affirm the trial court's order on any valid basis appearing of record. ***Schultz***, ***supra***, at 1228 ("[I]f there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand."); ***In re T.P.***, 78 A.3d 1166, 1170 (Pa. Super. 2013) ("[I]t is a well-settled doctrine in this Commonwealth that a trial court can be affirmed on any valid basis appearing of record."). FLIC argues on appeal that the forum-selection clause of the underinsured motorist policy at issue requires that this case be litigated in Delaware County, where Kazanjian is domiciled. The clause states:

**LAWSUITS AGAINST US**

You must comply with the terms of the policy before you may sue us. Suit must be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident.

Complaint in Civil Action, 1/8/20, Exhibit A, Underinsured Motorists Coverage – Pennsylvania (Non-Stacked) (emphasis in original) (R.R. 052a).

We have previously examined this precise language under the same circumstances as the instant case. ***See O'Hara v. First Liberty Ins. Corp.***, 984 A.2d 938, 939 (Pa. Super. 2009). There, we concluded that the trial court did not abuse its discretion in sustaining the preliminary objection to venue

when it enforced this clause, as it is a clear and unambiguous term of the parties' contract.  **Id.** at 942.  It is undisputed that Kazanjian's legal domicile is in Delaware County, where the accident occurred.  Complaint in Civil Action, 1/8/20, at ¶¶ 1, 3-5.  Accordingly, **O'Hara** is binding and the forum selection clause requires Kazanjian to litigate her claim in that forum.  We affirm the trial court's order transferring venue to Delaware County on that basis.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022

---

[6] Kazanjian argues only that FLIC waived the application of the forum selection clause by failing to raise the argument in its preliminary objection.  Kazanjian's Reply Brief at 7-8.  However, we may affirm on any basis apparent from the record, even those not considered by the trial court or raised by the parties. **In re T.P.**, 78 A.3d 1166, 1170 (Pa. Super. 2013).