**Shucker v. First Energy Corporation**

*Jerry R. Richwine,* for defendants First Energy Corp. and Metropolitan Edison Co.

*Rick Long,* for additional defendant Patrick Konopelski.

Plaintiffs Shucker and defendant Coca Cola did not participate.

LASH, *J.,* August 28, 2006—The matter before this court is the motion of defendants, First Energy Corporation and Metropolitan Edison Company (utility defendants), for summary judgment against additional defendants, Patrick Konopelski, t/d/b/a Professional Culinary Services & Konopelski Katering Ltd. t/d/b/a Professional Culinary Services (Konopelski defendants). Specifically, utility defendants seek reimbursement for attorney's fees and costs incurred in the defense of the

within action filed against them by plaintiffs, Paulette Shucker and Gerald Shucker. The basis for utility defendants' claim is an indemnification clause contained within a contract entered into between utility defendants and Konopelski defendants, governing Konopelski defendants' operation of a full service cafeteria at two locations owned by utility defendants. For reasons set forth herein, this court grants the motion and enters summary judgment.

Plaintiffs filed the within action against utility defendants and defendant, Coca Cola Enterprises Inc., on or about August 2, 2004, alleging that plaintiff, Paulette Shucker, an employee of Konopelski Katering, sustained injuries when she fell after her foot caught on a refrigeration cord located in utility defendants' cafeteria on Centre Avenue in Reading, Berks County, Pennsylvania. According to the complaint, the cord was attached to a refrigeration unit owned by defendant, Coca Cola Enterprises Inc., and was plugged into the wall and dangling four to six inches above the ground and across a walkway behind a countertop. Plaintiffs claimed that this condition was dangerous and that utility defendants were aware of this dangerous condition but took no action.

Konopelski defendants were joined through court order on January 21, 2005, upon petition of utility defendants. Subsequently, on February 24, 2006, plaintiffs settled their claims against all parties. Utility defendants made no contribution to the settlement. Meanwhile, utility defendants' joinder complaint against Konopelski defendants remained pending.

On or about June 12, 2006, utility defendants filed the within motion for summary judgment on its joinder

complaint. Utility defendants claim they are entitled as a matter of law to reimbursement of attorney's fees and costs pursuant to a duty to defend contained within an indemnification clause in the contract entered into between them through GPU Service Inc., as agent, and Konopelski defendants.

Konopelski defendants do not dispute that they did not provide a defense to utility defendants. The indemnification clause provides, in pertinent part:

"Contractor assumes the risk of, and shall indemnify and save harmless purchaser . . . against, all claims and actions, losses, costs, fines, penalties and damages to property . . . and/or injury . . . to persons . . . arising out of, resulting from, or based upon, the acts or omissions of contractor or anyone acting under its direction or control or in its behalf and all expenses *(including legal and investigation fees)* incidental thereto.

"The foregoing indemnity shall apply to all claims against purchaser, whether or not purchaser was or was alleged to be negligent, including claims for (i) personal injuries . . . by any person made or threatened by, in the name, or on behalf of, contractor's employees based on purchaser's negligence, including claims for personal injuries arising in the course of their employment, contractor hereby waiving any defense it might otherwise have under applicable worker's compensation laws . . . but contractor's indemnity shall not apply to any liability determined by a court of competent jurisdiction to be based upon purchaser's sole negligence.

"Contractor . . . shall defend purchaser against, all claims, demands, suits and proceedings for which contractor has, or might have, indemnification responsibility

hereunder. Purchaser may, at its sole discretion, participate in such defense to the extent it deems necessary to protect its own interest, and contractor shall cooperate with purchaser in any such defense.

In opposing the motion, Konopelski defendants cite the first two paragraphs of the indemnification clause in support of their claim that summary judgment is not appropriate due to the presence of exclusion language which removes Konopelski defendants' duty to indemnify if the utility defendants are found to be solely negligent by a court of competent jurisdiction. Since no judicial determination has been made, the motion must be denied.

Konopelski defendants' reading of the first two paragraphs is correct. The first paragraph permits recovery of legal and investigation fees as part of Konopelski defendants' contractual duty to indemnify. Paragraph 2 clearly states that the indemnity duty arising from paragraph 1 "shall not apply to any liability determined by a court of competent jurisdiction to be based upon [utility defendants'] sole negligence." As there has been no judicial determination, plaintiffs' claim having been resolved by settlement, and it further appearing that utility defendants could have been found to be solely negligent, consistent within the parameters set by the averments in plaintiffs' complaint, utility defendants cannot rely on the first two paragraphs of the indemnification clause to obtain summary judgment.

In their analysis, however, Konopelski defendants do not address the third paragraph of the indemnification clause. This paragraph imposes a separately stated duty upon Konopelski defendants to defend utility defendants

against all claims, demands, suits and proceedings for which Konopelski defendants have, *or might have,* indemnification responsibility hereunder. By its separate construction, it is clear that this clause is independent of the indemnity provisions of paragraphs 1 and 2 and does not require judicial findings.

This is also consistent with the law, which recognizes that an indemnitor's duty to defend is a distinct obligation, different from and broader than its duty to indemnify. *Old Guard Insurance Company v. Sherman,* 866 A.2d 412, 416 (Pa. Super. 2004).

We also note that Konopelski defendants' duty to defend commenced at the inception of the litigation, when the complaint was filed against utility defendants. An indemnitor becomes obligated to defend when factual allegations contained within a complaint on its face comprehend an injury which is actually or potentially within the scope of the contract. *Old Guard,* 866 A.2d at 416-17. Thus, the indemnitor's duty is not conditioned upon a determination on the merits. Further, even if the allegations in the complaint turn out to be groundless, false or fraudulent, this does not affect the indemnitor's duty. See *Tuscarora Wayne Mutual Insurance Company v. Kadlubosky,* 889 A.2d 557, 561 (Pa. Super. 2005).

In essence, this indemnity clause as a whole is structured such that an indemnitee seeking payment or recoupment of attorney's fees could seek relief under the indemnification provisions of paragraphs 1 and 2, so long as the exclusion clause is found to be inapplicable through judicial process, or alternatively, under paragraph 3, through requiring defense of the action by the indemnitor.

We find that Konopelski defendants had a duty to defend. As more specifically outlined in utility defendants' joinder complaint, the allegations contained in plaintiffs' complaint were sufficient that Konopelski defendants could have indemnification responsibility. Upon receiving notice of plaintiffs' complaint, Konopelski defendants' defense duties were triggered. Their failure to defend was a breach of the third paragraph of the indemnification clause. The subsequent settlement of plaintiffs' claim did not absolve Konopelski defendants of this duty. The fact that utility defendants did not contribute to plaintiffs' settlement and, therefore, did not have an indemnification claim under paragraphs 1 and 2 of the indemnification agreement does not change this result.

Accordingly, we enter the following order:

## ORDER

And now, August 28, 2006, upon consideration of the motion of defendants, First Energy Corporation and Metropolitan Edison Company, for summary judgment on their joinder complaint against additional defendants, Patrick Konopelski, t/d/b/a Professional Culinary Services & Konopelski Katering Ltd., t/d/b/a Professional Culinary Services, response thereto, briefs filed by the parties and after argument held, said motion is granted. Judgment is entered in favor of defendants, First Energy Corporation and Metropolitan Edison Company, and against additional defendants, Patrick Konopelski, t/d/b/a Professional Culinary Services & Konopelski Katering Ltd., t/d/b/a Professional Culinary Services, on the issue of liability. The damages will be set forth by separate order, either by agreement, or after hearing held.