J-A10038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM P. WERNER AND DONNA WERNER, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 1549 EDA 2020 |
| 1281 KING ASSOCIATES, LLC  AND MARTIN'S FAMOUS PASTRY SHOPPE, INC | : | |

Appeal from the Order Entered July 27, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200202111

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 16, 2021**

Appellants, William P. Werner and Donna Werner, H/W (the "Werners"), appeal from the order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objection of Appellees 1281 King Associates, LLC ("1281 King") and Martin's Famous Pastry Shoppe, Inc. ("Martin's," collectively "Appellees") to venue and transferring the instant matter to the Court of Common Pleas of Franklin County.  We affirm.

The Werners commenced the instant action by complaint on February 19, 2020.  According to the complaint, William Werner sustained a serious injury on February 5, 2019 at property located at 1281 King Road, West

_____

[*] Retired Senior Judge assigned to the Superior Court.

Chester, Chester County, which was owned and operated by Martin's and/or 1281 King. Complaint ¶¶6, 10. Mr. Werner was at the property in his role as a delivery driver when he caught his pant leg on a jagged edge of a portable ramp, causing him to fall. *Id.* ¶¶8, 10. Mr. Werner's injuries included a right hip fracture requiring surgery, and he suffered lost wages and an impairment of his earning capacity. *Id.* ¶¶13, 15. The complaint pleads two counts: a negligence claim based on Appellees' alleged failure to use reasonable care in the maintenance of their property, as well as a loss of consortium claim in favor of Mrs. Werner.

On May 8, 2020, Appellees filed preliminary objections in which they contested venue in Philadelphia County, among other objections. According to the objections, Mr. Werner, through his company, Werner Bread Man, LLC, entered into an Independent Distributor Agreement ("Distributor Agreement") with Martin's in 2014. Preliminary Objections ¶11, Ex. B. The Distributor Agreement set forth Mr. Werner's rights, duties, and obligations as the exclusive independent distributor for Martin's baked products and snack items in a portion of Southeastern Pennsylvania. *Id.*

On July 20, 2019, Martin's entered into a Termination, Release, Consent, and Arbitration Agreement ("Termination Agreement") with Mr. Werner and Werner Bread Man, LLC. *Id.* ¶13, Ex. C. In this agreement, Martin's consented to an assignment of Mr. Werner's distribution rights to another party in exchange for a termination of the Distributor Agreement and Mr. Werner's release of Martin's and its affiliates from liability related to the prior

agreement or the work performed under that agreement. *Id.*, Ex. C ¶¶2-4.

In addition, the Termination Agreement contained a forum selection clause

providing as follows:

> Subject to Section 6 above [providing that all disputes be resolved through binding arbitration], **the courts of the Commonwealth of Pennsylvania**, and the United States federal courts, **with jurisdiction in Franklin County, Pennsylvania will be the exclusive venue for all claims, disputes, and controversies by any Distributor Party against any Martin's Party**[1] or by Martin's against any Distributor party, **whether in tort, contract, or otherwise, in any way arising out of, relating to, or having any connection with the Distributor Agreement** or this Agreement (including, without limitation, the formation and termination of the Distributor Agreement or this Agreement), **the marketing, distribution, or sale of Martin's products by any Distributor Party**, **services provided by any Distributor Party to Martin's**, or any other association or agreement between or among any Distributor Parties and any Martin's Parties. Subject to Section 6 above, the parties hereby consent to the jurisdiction of such courts and no party will make any claim that such courts are an inconvenient forum.

*Id.*, Ex. C ¶7(d) (emphasis added).

Appellees argued in their objections that as a result of this forum

selection clause, venue in Philadelphia County is not proper against Martin's.

*Id.* ¶19. In addition, Appellees contended that 1281 King could not

independently be sued in Philadelphia because the alleged negligent acts

occurred at 1281 King's warehouse in West Chester, Chester County, and

---

[1] The "Distributor Parties" are defined in the Termination Agreement to include Werner Bread Man, which is designated as the "Distributor," and Mr. Werner, who is designated as the "Distributor Owner." Preliminary Objections Ex. C, Preamble, ¶1. The "Martin's Parties" include Martin's as well as its affiliates and subsidiaries. *Id.*

1281 King is headquartered in West Chester and does no business, owns no property, and has no registered agents in Philadelphia. *Id.* ¶¶6, 20-26. Therefore, Appellees requested that the trial court dismiss the suit based on improper venue or in the alternative transfer the case to Franklin County. *Id.* ¶27. In their answer to the preliminary objections, the Werners admitted the nature of Mr. Werner's business relationship with Martin's and the existence of the Distributor and Termination Agreements, although they denied any relevance of these agreements to the current lawsuit. Answer to Preliminary Objections ¶¶6, 11-18.

On July 27, 2020, the trial court entered an order sustaining Appellees' preliminary objection to improper venue and transferring the matter to the Court of Common Pleas of Franklin County. The trial court did not address Appellees' remaining preliminary objections. The Werners filed a timely appeal from the trial court's order.[2] On September 8, 2020, the Werners filed their statement of errors complained of on appeal as directed by the trial court.

On October 7, 2020, the trial court issued its opinion in which it explained its rationale for sustaining Appellees' preliminary objection based on improper venue. In its opinion, the trial court found that the forum

---

[2] Although interlocutory, the July 27, 2020 order was appealable as of right under our Rules of Appellate Procedure. *See* Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles.").

selection clause of the Termination Agreement is applicable here as the clause is not limited to disputes relating to the interpretation of the Distributor or Termination Agreements, but it broadly relates to actions "in any way arising out of, relating to, or having any connection with . . . the marketing, distribution, or sale of Martin's products by any Distributor Party, services provided by any Distributor Party to Martin's . . . ." Trial Court Opinion, 10/7/20, at unnumbered page 6; Preliminary Objections, Ex. C ¶7(d). Moreover, the court noted that the forum selection clause does not solely concern contractual disputes between the parties and instead that the clause provided that venue was proper in Franklin County for "all claims, disputes, and controversies . . . whether in tort, contract, or otherwise . . . ." Trial Court Opinion, 10/7/20, at unnumbered page 6; Preliminary Objections, Ex. C ¶7(d).

On appeal, the Werners raise the following issues:

1. Whether preliminary objections to venue in a personal injury lawsuit should be overruled when the basis for the objection is a venue clause in a contract terminating a business arrangement.

2. Whether preliminary objections to venue should be overruled in an action asserting joint and several liability where one of the defendants regularly conducts business.

3. Whether a trial court must grant leave to conduct venue discovery when there is a dispute over whether a defendant regularly conducts business in a county[.]

Appellant's Brief at 5-6 (suggested answers omitted).

Generally, we review an order sustaining or overruling preliminary objections asserting improper venue for an abuse of discretion. *Hangey v. Husqvarna Professional Products, Inc.*, 247 A.3d 1136, 1140 (Pa. Super.

2021) (*en banc*); **Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.**, 9 A.3d 1207, 1211 (Pa. Super. 2010).  However, where the venue ruling is based upon the interpretation of a forum selection clause in a contract, then our scope of review is plenary, and our standard of review is *de novo*.  **Autochoice Unlimited**, 9 A.3d at 1211; **see also McIlwain v. Saber Healthcare Group, Inc., LLC**, 208 A.3d 478, 485 (Pa. Super. 2019).  "[W]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone."  **Lesko v. Frankford Hospital-Bucks County**, 15 A.3d 337, 342 (Pa. 2011) (citation omitted).  "Hence, where language is clear and unambiguous, the focus of the interpretation is upon the terms of the agreement as manifestly expressed rather than as, perhaps, silently intended."  **Id.** (citation and emphasis omitted).

The Werners first argue that the trial court erred in determining that the forum selection clause of the Termination Agreement applied to the underlying action.  The Werners contend that the trial court had no factual basis on which to conclude that the allegations in their complaint—concerning Appellees' alleged failure to use reasonable care in maintaining their property—related to either the Distributor Agreement or the Termination Agreement, and therefore it should not have sustained Appellees' venue objection.  While the Werners acknowledge that the forum selection clause specifically states that it relates to tort actions between Mr. Werner and Martin's, the Werners argue

- 6 -

that the only tort claims contemplated by the clause were those relating to

the contractual relationship between the parties.[3]

---

[3] The Werners also argue that the trial court erred in ruling that their lawsuit fell within the scope of the forum selection clause because that clause contained nearly identical language to the release clause in the Termination Agreement. The Werners contend that the trial court's ruling effectively resolved that the release is applicable in this case based upon its determination that the forum selection clause is valid and controlling. Thus, the Werners maintain that the Court of Common Pleas of Franklin County, as a court of coordinate jurisdiction, will be compelled to dismiss this matter based on the release even without having the opportunity to rule on the issue.

This issue was not presented to the trial court, nor was it included in the Werners' concise statement of errors complained of on appeal filed in response to the trial court's Rule 1925(b) order. Therefore, this argument is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *see also Zitney v. Wyeth LLC*, 243 A.3d 241, 246 n.7 (Pa. Super. 2020); *Grabowski v. Carelink Community Support Services, Inc.*, 230 A.3d 465, 476 (Pa. Super. 2020).

Even if we were to reach this issue, however, we would find it to lack merit. The Werners cite to no rule that would require a court to decline to enforce one valid contractual provision, such as the forum selection clause here, merely because the ruling might lead to the future dismissal of the claim based on the interpretation of an independent contractual provision. Furthermore, we do not agree that the coordinate jurisdiction rule will bar any future consideration of the applicability of the Termination Agreement's release to this action. "Under the coordinate jurisdiction rule, [] a trial court judge may generally not alter the resolution of a legal question previously decided by another judge of the court." *Heart Care Consultants, LLC v. Albataineh*, 239 A.3d 126, 132 (Pa. Super. 2020). The coordinate jurisdiction rule does not apply, however, where the second judge decides a different legal question than what was presented in the first case. *Kroptavich v. Pennsylvania Power and Light Co.*, 795 A.2d 1048, 1054 (Pa. Super. 2002). The law concerning whether a court should enforce a release of liability requires the consideration of entirely different legal issues than those presented in the interpretation of the forum selection clause here. *See Front Street*
*(Footnote Continued Next Page)*

In ***Central Contracting Co. v. C. E. Youngdahl & Co.***, 209 A.2d 810 (Pa. 1965), our Supreme Court explained that the "modern and correct rule is that . . . a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation." ***Id.*** at 816. A forum selection clause "is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action." ***Id.*** "Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things." ***Id.*** Rather, "[i]f the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement." ***Id.***

In light of the principles set forth in ***Youngdahl***, this Court has stated that a forum selection clause is presumptively valid and will be deemed unenforceable only when

> 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

---

***Development Associates, L.P. v. Conestoga Bank***, 161 A.3d 302, 310 (Pa. Super. 2017) (citing relevant legal standards relating to the interpretation of a contractual release).

*Autochoice Unlimited*, 9 A.3d at 1215 (quoting *Patriot Commercial Leasing Co., Inc. v. Kremer Restaurant Enterprises, LLC*, 915 A.2d 647, 651 (Pa. Super. 2006)).  The party that contests the application of the forum selection clause has the burden to prove its unreasonableness.  *Youngdahl*, 209 A.2d at 816; *Autochoice Unlimited*, 9 A.3d at 1215.

The Werners do not argue that the forum selection clause specifically or the Termination Agreement more generally were the product of fraud or overreaching, were so unfair or inconvenient that they will be deprived of an opportunity to be heard, or that the clause violates public policy.[4]  Instead, they claim that the forum selection clause does not by its own terms apply to the instant dispute.

Upon review, we conclude that the trial court did not err in its interpretation of the forum selection clause and that its determination that this action is within the scope of the clause is soundly grounded in the allegations of the complaint as well as other admitted facts of record.  Initially, we reject the Werners' claim that the forum selection clause is irrelevant to this controversy because their suit did not concern the interpretation of the terms of the Distributor or Termination Agreements.  As the trial court explained, the forum selection clause did not solely relate to controversies

_____

[4] As discussed below, the Werners do argue on appeal that the trial court should have undertaken a forum *non conveniens* analysis, and in the context of that analysis, should have found that litigation in Franklin County would be unreasonable.  However, this issue was not raised below or in the Werners' 1925(b) statement, and therefore we find it to be waived.  *See infra.*

concerning the interpretation of contractual disputes but also to "the marketing, distribution, or sale of Martin's products by any Distributor Party"—a term which includes Mr. Werner—or "services provided by any Distributor Party to Martin's." *Id.*, Ex. C, Preamble, ¶¶1, 7(d); *see* Trial Court Opinion, 10/7/20, at unnumbered page 6. Under the Distributor Agreement, which governed the business relationship between Martin's and Mr. Werner at the time of his injury, Mr. Werner's role as a distributor of Martin's products required him to pick up the products at a "designated warehouse" and then undertake efforts to sell and deliver the products to stores within Mr. Werner's exclusive territory. Preliminary Objections, Ex. B. ¶¶2, 4.1.

The complaint alleges that, at the time of his injury, Mr. Werner "was lawfully a business invitee" at the 1281 King Road property controlled by Appellees "utilizing one of the portable ramps" that was "provided [by Appellees] for the use of delivery drivers, such as [Mr. Werner]." Complaint ¶¶8, 10. Furthermore, Appellees aver in the preliminary objections that Mr. Werner was present at the 1281 King Road property on the date of his injury "picking up products" in the course of his work, and the Werners admitted these facts in their answer to the objections. Preliminary Objections ¶¶6-7; Answer to Preliminary Objections ¶¶6-7. Therefore, it is clear that Mr. Werner was providing a service to Martin's on February 5, 2019, namely picking up Martin's products in his role as a Martin's distributor with an exclusive geographic territory. Accordingly, Mr. Werner's conduct at the time of his injury was expressly envisioned in the forum selection clause.

Turning to the question of whether the instant lawsuit is "in any way arising out of, relating to, or having any connection with" Mr. Werner's distribution of Martin's products, Preliminary Objections, Ex. C ¶7(d), our courts have interpreted the term "arising out of" in the context of an insurance policy as synonymous with "causally connected with" and rejected a more rigorous proximate cause definition of the term. *Manufacturers Casualty Insurance Co. v. Goodville Mutual Casualty Co.*, 170 A.2d 571, 573 (Pa. 1961); *see also Tuscarora Wayne Mutual Insurance Co. v. Kadlubosky*, 889 A.2d 557, 563 (Pa. Super. 2005). "The phrase 'arising out of' has been equated with 'but for' causation." *Tuscarora Wayne*, 889 A.2d at 563 (citation omitted). We find the causal connection definition of "arising out of" to be apt here, particularly in light of the additional, broad language of the forum selection clause triggering venue in Franklin County for any claim that "in any way . . . relat[es] to, or ha[s] any connection with" the identified activities. Preliminary Objections, Ex. C ¶7(d).

Here, the Werners' claims of negligence and loss of consortium arose out of and related to his activities as a distributor of Martin's products because Mr. Werner was only present at the 1281 King Road property because of his business obligations to Martin's. In other words, Mr. Werner's injury "would not have come about but for" his business as a distributor of Martin's products. *See Straw v. Fair*, 187 A.3d 966, 993 (Pa. Super. 2018) (defining cause-in-fact, or but-for, causation as the requirement that a "harmful result would not have come about but for the negligent conduct") (citation omitted). Thus,

- 11 -

while Mr. Werner's fall and injury were not anticipated when he entered into the Distributor Agreement with Martin's, his injury and the ensuing lawsuit nevertheless directly arose out of the performance of his duties under that agreement.

Furthermore, we are unpersuaded by the Werners' argument that the "tort" claims cited in the forum selection clause only pertain to torts arising directly out of the performance of the Distributor and Termination Agreements. While the Werners correctly note in their brief that Pennsylvania law recognizes that tort causes of action may arise out of the performance of contractual obligations, *see Bruno v. Erie Insurance Co.*, 106 A.3d 48, 69-70 (Pa. 2014), there is nothing in the forum selection clause in the Termination Agreement to indicate that the reference to torts was intended to be limited in such a manner to tort claims flowing directly from the performance of the agreements between Mr. Werner and Martin's. Rather, the forum selection clause was drafted broadly to include "all claims, disputes, and controversies . . . whether in tort, contract, or otherwise," and the subject of the claims was not confined to a breach of the terms of the Distributor and Termination Agreements but also included "the marketing, distribution, or sale of Martin's products by any Distributor Party" and "services provided by any Distributor Party to Martin's." Preliminary Objections, Ex. C ¶7(d). In the absence of limiting language, we must find that "tort" takes its natural meaning applying to an entire category of causes of actions, including the negligence and loss of consortium claims brought here. *See Bruno*, 106 A.3d at 68 (noting that

negligence is a type of tort claim); ***Koenig v. Progressive Insurance Co.***, 599 A.2d 690, 693 & n.6 (Pa. Super. 1991) (describing a loss of consortium claim as a tort).

Accordingly, we agree with the trial court that, by its plain language, the forum selection clause in the Termination Agreement applies to the instant action. We next proceed to address the Werners' arguments that the trial court's decision is inconsistent with our existing precedent regarding the application of contractual provisions that limit venue to a specific forum. First, the Werners argue that the present case is distinguishable from the two cases cited by the trial court, our Supreme Court's decision in ***Youngdahl*** and our decision in ***Patriot Commercial***, because those cases involve breach of contract claims relating directly to the commercial relationships between the parties to the venue agreements.

The Werners correctly observe that both ***Youngdahl*** and ***Patriot Commercial*** related solely to the application of forum selection clauses to breach of contract claims between business entities. *See **Youngdahl***, 209 A.2d at 812 (dispute relating to a contract between a painting company and a joint venture acting as the general contractor for construction project); ***Patriot Commercial***, 915 A.2d at 649, 653 (holding that forum selection clause in equipment lease agreements was applicable by its plain language and not unreasonable in dispute between Pennsylvania lessor and out-of-state lessees). More recently, however, in ***O'Hara v. First Liberty Insurance Corp.***, 984 A.2d 938 (Pa. Super. 2009), we rejected the exclusive application

of forum selection clauses to commercial disputes. In that case, we affirmed the transfer of a suit by an injured driver against her automotive insurance carrier from Philadelphia to Delaware County, where the driver resided, based on a forum selection clause in her policy requiring that any action be brought in the county in which the insured was domiciled. *Id.* at 942-43. In doing so, we reviewed *Youngdahl* and *Patriot Commercial*, explaining that, "[w]hile both of those cases were decided in the context of contracts between commercial entities, neither case contains any language which would suggest they should be limited to such situations." *Id.* at 942. We further held that Pennsylvania courts may give legal force to a forum selection clause even where the clause appears in a form contract and the clause is invoked by a large corporation against an individual. *Id.*

In *O'Hara*, we found persuasive the United States Supreme Court decision of *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), wherein the High Court gave legal force to a forum selection clause in a contract for a cruise ticket bought by the plaintiffs, residents of Washington state, from a Florida-based corporation. *See O'Hara*, 948 A.2d at 942 & n.3. The Supreme Court rejected the argument that the clause should be disregarded in light of the unequal bargaining power between the parties, and further determined that it was not unreasonable for the plaintiffs to bring their claim in Florida where the defendant was based and where the cruise ship left port. *Carnival*, 499 U.S. at 593-95. Notably, in *Carnival*, the plaintiffs brought negligence claims based on injuries from a fall on board the cruise

ship, which was found to fall within a forum selection clause requiring that "all disputes and matters whatsoever arising under, in connection with or incident to" the cruise contract be brought in Florida. *Id.* at 587-88 (citation omitted).

Here, the forum selection clause by its express terms was not confined solely to commercial claims related to the terms of the Termination Agreement but instead it stated that it covered "all claims, disputes, and controversies . . . whether in **tort**, contract, or otherwise . . . ." Preliminary Objections, Ex. C ¶7(d) (emphasis added). "It is settled law that a party is bound by clear and unambiguous language contained in a contract." *Patriot Commercial*, 915 A.2d at 651. Thus, it is irrelevant to our analysis that the Werners do not bring breach of contract claims in the instant suit, and they cannot now claim that Mr. Werner did not agree to a designated forum for any claims against Martin's with respect to tort claims.

Next, the Werners argue that *Youngdahl* by its plain language only permits the limitation of venue as to "future disputes," and, here, Appellees were aware of Mr. Werner's injury at the time that the Termination Agreement was executed but neglected to reference it in the forum selection clause. *See Youngdahl*, 209 A.2d at 816 ("[W]e do not agree with these [earlier Pennsylvania] cases to the extent that they hold that an agreement between the parties, purporting to determine the forum where **future disputes** between them should be litigated, is *per se* invalid and without legal effect.") (emphasis added). It is clear, however, that the *Youngdahl* Court's reference to "future disputes" was meant to distinguish between agreements by

- 15 -

contracting parties regarding the venue of potential future litigation and agreements between parties as to venue after a lawsuit has been filed. **See id.** at 815-16 (quoting **In Rea's Appeal**, 13 W.N.C. 546 (1883), which refused to give effect to a forum selection clause, "holding that, 'when in a proper case the parties are served, and brought before a competent tribunal,' it would be contrary to public policy to allow an agreement made in advance of the dispute to oust said tribunal's 'jurisdiction.'"); **accord Healy v. Eastern Building and Loan Association**, 17 Pa. Super. 385, 392 (Pa. Super. 1901).[5]

In this matter, while the Termination Agreement was executed after Mr. Werner's fall at the 1281 King Road property, the Agreement was finalized approximately six months before the Werners filed their lawsuit in the trial court. Therefore, at the time the forum selection clause was agreed upon, any "dispute" related to Mr. Werner's injury remained in the future. While the Werners argue that a forum selection clause should not be given legal effect with respect to litigation arising out of an incident occurring prior to the date the clause is drafted unless the incident is described in the agreement, this contention lacks support in the case law and we see no reason to divert from the general rule that parties are bound by the terms of a clear and

---

[5] We observe that neither **Youngdahl** nor the cases it relies upon appear to disapprove of the practice of parties agreeing to the proper venue of an action after litigation has commenced.

unambiguous forum selection clause. Accordingly, we find this argument to lack merit.[6]

Finally, the Werners argue in their brief that the trial court abused its discretion in sustaining Appellees' venue objection without conducting any factual inquiry into whether Appellee 1281 King regularly conducts business in Philadelphia, which would allow for venue in Philadelphia against both Martin's and 1281 King in Philadelphia as the Werners seek to recover from Appellees jointly and severally. *See* Pa.R.C.P. 1006(c)(1) (in an action seeking to enforce joint and several liability, venue is proper against all defendants where it may be laid against any one of the defendants); Pa.R.C.P.

_____

[6] The Werners present two additional arguments that the trial court's sustaining of the preliminary objection is inconsistent with existing caselaw. First, they argue that the trial court utilized the improper procedure to review the venue objection and pursuant to *Youngdahl*, the court should have instead engaged in a forum *non conveniens* analysis, which would have led to the conclusion that venue in Franklin County would be unreasonable. The Werners also contend that Appellees did not meet their burden of proof in objecting to venue based on the fact that they did not cite to *Youngdahl* or any other case supporting their position in their preliminary objections and accompanying brief. However, the Werners did not raise either of these issues before the trial court and they did not preserve the issues in their Rule 1925(b) statement. Therefore, these issues are waived for the purpose of appellate review. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); *Zitney*, 243 A.3d at 246 n.7; *Grabowski*, 230 A.3d at 476. Additionally, while at oral argument counsel for the Werners took the position that Donna Werner could independently assert her loss of consortium claim against Appellees in Philadelphia due to the fact that she was not a party to the Termination Agreement, this issue was not raised before the trial court, included in the Werners' Pa.R.A.P. 1925(b) statement, nor indeed was the issue raised in the Werners' appellate brief. Therefore, any claim to venue in Philadelphia on this basis is also waived. *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); *Zitney*, 243 A.3d at 246 n.7; *Grabowski*, 230 A.3d at 476.

2179(a)(2) (jurisdiction is proper in any location where a business entity "regularly conducts business"). Thus, the Werners request that this Court vacate the trial court's order sustaining the venue objection and remand for additional discovery on this issue. However, at oral argument, counsel for the Werners conceded that, upon review of additional information provided by Appellees after the appellate briefs were filed, 1281 King does not in fact conduct any business in Philadelphia. Therefore, we need not address this argument further.[7]

In sum, we conclude that the trial court did not err in interpreting the forum selection clause of the Termination Agreement as covering the instant lawsuit and therefore requiring that the Werners litigate their claim with respect to Martin's in Franklin County. Furthermore, the trial court did not abuse its discretion in finding that venue was also not proper as to 1281 King

_____

[7] Even if we were to reach this issue, however, we would affirm the trial court's decision. The Werners did not allege in their complaint that 1281 King engages in business in Philadelphia, and Appellees' established through the affidavit of the president of 1281 King attached to the objections that the entity did not engage in business in Philadelphia. Preliminary Objections ¶¶20-26, Ex. D. Moreover, in their response to the objections, the Werners did not identify any evidence to contradict these assertions, and they specifically disclaimed any need for discovery on this issue. Answer to Preliminary Objections ¶20. Therefore, as there were no controverted facts regarding 1281 King's business activity in Philadelphia (or lack thereof) and no request was made for discovery on this fact, the trial court did not abuse its discretion in concluding that venue does not lie in Philadelphia as to 1281 King. *See Deyarmin v. Consolidated Rail Corp.*, 931 A.2d 1, 14 (Pa. Super. 2007) ("[A] trial court may appropriately resolve preliminary objections to venue [] without discovery in cases where 'no factual issues were raised which necessitated the reception of evidence.'") (citation omitted).

in Philadelphia County. Therefore, the trial court properly sustained the preliminary objection as to venue and transferred this matter to the Court of Common Pleas of Franklin County. We accordingly affirm the trial court's order and remand for further proceedings.

Order affirmed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2021